NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                          :
REBECCA AND RAYMOND RYAN,                 :
                                          :
        Plaintiffs,                      :    Civil No. 06-332 (RBK)
                                          :
        v.                               :    **OPINION**
                                          :
DOUG HENDERSON, et al.,                   :
                                          :
        Defendants.                      :
_____:

**KUGLER**, United States District Judge:

      This matter comes before the Court on the motion of Defendants Doug Henderson, Thomas Connelly, Ryan Mazza, ("the Police Defendants"), Diane Soratino[1], Luciano V. Corea Jr., Lt. Sheehan, Jerome E. Inderweies Jr. ("the Official Defendants"), Frank L. Thomson, Michael E. Eck ("the Fire/EMT Defendants"), the City of Cape May Fire Department, and the City of Cape May (collectively, "Defendants") for summary judgment on Plaintiff Rebecca and Raymond Ryan's ("Plaintiffs'") complaint. Defendants' motion is unopposed. Because Plaintiffs cannot prove the essential elements of their claims, Defendants are entitled to judgment as a matter of law on Plaintiffs' federal claims, and the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.

---

[1] The Court notes that the motion lists Lt. Sheehan as the chief of police of the City of Cape May and does not name Diane Soratino. Because this action is against the Chief of Police in his or her official capacity, the identity of the person filling the role is immaterial to the Court's final disposition.

I.     **BACKGROUND**

This sad case arises from the death of Plaintiffs' daughter, Eleanor Ryan, on January 24, 2004. Ms. Ryan and her mother, Plaintiff Rebecca Ryan, were visiting Cape May, New Jersey. Ms. Ryan became intoxicated after consuming a number of alcoholic beverages at two different restaurants, the Pilot House and the Blue Pig Tavern, between 5:30 pm and 8:30 pm. While Ms. Ryan was at the Blue Pig Tavern, she was in a visibly intoxicated state and created a disturbance. The police were called, and several officers arrived and arrested Ms. Ryan at around 9:00 pm. Ms. Ryan was taken to the Cape May Police Department and remained there until around 9:40 pm, when she was placed in an ambulance to be taken to Burdette Tomlin Hospital. While en route to the hospital, Ms. Ryan somehow exited the ambulance, falling onto the roadway and sustaining severe head injuries, which led to her death.

Plaintiffs first filed suit in the Superior Court of New Jersey, Law Division, Cape May County, against the establishments that served Ms. Ryan alcoholic beverages on the night of her death. They later voluntarily dismissed that suit and filed again in both the Superior Court of New Jersey and in this Court, naming the restaurants as well as employees of the City and County of Cape May as defendants. Plaintiffs' claims against the two restaurants were based on New Jersey state laws prohibiting the provision of alcoholic beverages to a visibly intoxicated patron. Plaintiffs' claims against the governmental Defendants were based on Ms. Ryan's rights under the Fourth, Fifth, and Fourteenth Amendments, the New Jersey State Constitution, and New Jersey state negligence principles.

The Superior Court dismissed the claims against one of the restaurants in May 2006 and against the other in August. This Court similarly dismissed the claims against the two restaurants in an order dated October 12, 2006, finding the claims to be precluded by the application of res

judicata. Plaintiffs' claims against the remaining Defendants survived. As the litigation proceeded, Magistrate Judge Ann Marie Donio issued three scheduling orders establishing rules for discovery. Judge Donio ordered pretrial factual discovery to close on March 30, 2007 and required Plaintiffs to serve their expert reports on Defendants by April 30, 2007. Plaintiffs failed to respond to Defendants' requests for interrogatories and did not produce any expert reports. Defendants moved for summary judgment on May 8, 2007.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

Because Defendants' motion for summary judgment is unopposed, this Court will "treat all facts properly supported by the movant to be uncontroverted." Brandon v. Warden, No. State Prison, 2006 WL 1128721, *3 (D.N.J. Apr. 27, 2006) (citations omitted). The Court will not grant summary judgment on the basis of Plaintiffs' silence alone but will instead determine whether summary judgment is appropriate. Anchorage Assoc. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990). Because Defendants do not bear the ultimate burden of proof, the Court "must determine that the deficiencies in the opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law." Id.

### III. DISCUSSION

#### A. Counts One and Two: The Police and Fire/EMT Defendants

Plaintiffs' claims seek a remedy under 42 U.S.C. § 1983 for violations of Ms. Ryan's civil rights. As a threshold matter, the Court must determine whether the Plaintiffs have established a deprivation of a constitutional right. See Smith v. Marasco, 318 F.3d 497 (3d Cir. 2003).

Ms. Ryan was under arrest at the time of her death; this gave rise to a special relationship between her and the government actors responsible for her custody. DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 198-200 (1989) ("when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being"). Though the Defendants claim that the "state-created danger" test applies (and is correspondingly not met),

Ms. Ryan remained under police supervision from the time she was arrested until her death. The actions of the government actors had unquestionably restrained Ms. Ryan's liberty. This created a duty on the part of the government actors to "ensure [her] 'reasonable safety' from [herself] and others." Id. at 198, citing Youngsberg v. Romeo, 457 U.S. 307, 314 (1982).

Plaintiffs claim that the Police and Fire/EMT Defendants did not provide Ms. Ryan with the level of care required, given her "visible and dangerous level of intoxication." (Pls.' Compl. ¶¶ 49-53.) They claim that the Police and Fire/EMT Defendants did not follow appropriate policies and regulations governing her custody and transport and that this departure from the standard of care was a substantial factor in causing Ms. Ryan's death. Plaintiffs have submitted no evidence to support their claims. The Court does not know what happened in the ambulance in the moments before Ms. Ryan's death. Viewing the facts in the light most favorable to the Plaintiffs, as is required, the Court is unable to find that any actions or failures to act by the Police and Fire/EMT Defendants caused Ms. Ryan's death. Plaintiffs have provided nothing other than allegations that the Police and Fire/EMT Defendants violated accepted standards of care. While potentially relevant evidence is likely in the possession of the Defendants, Plaintiffs have had the opportunity to conduct discovery and marshal any evidence they could find to support their claims. See Anderson, 477 U.S. at 257. They have not conducted discovery, and they have presented no affirmative evidence to oppose this motion.

Even if there was some evidence of wrongdoing by Defendants, mere negligence by a government official will not create liability. There must be actions, or inactions, that at a minimum show deliberate indifference on the part of the government actor. See Williams v. Borough of West Chester, 891 F.2d 458, 464 (3d Cir. 1989) ("Custodial officials may be liable in damages for the suicide of a pretrial detainee if they acted with 'deliberate indifference' to the

individual's psychological needs."); Miller v. City of Philadelphia, 174 F.3d 368, 375-76 (3d Cir. 1999) (explaining the varying levels of culpability required to find liability by a government official, based on the circumstances of each case and whether the official is required to make a spontaneous decision or has time to fully consider risks); see also County of Sacramento v. Lewis, 523 U.S. 833 (1998).  There is no evidence regarding any of the specific actions or inactions of any of the Police and Fire/EMT Defendants, and there is no evidence that Defendants knew anything about Ms. Ryan's condition that should have led them to take different actions.  Plaintiffs cannot establish that the Police and Fire/EMT Defendants acted with deliberate indifference to Ms. Ryan's needs or rights.  Summary judgment is appropriate on Counts One and Two.

   B. Count Three: The Official Defendants and the City of Cape May Fire Department and the City of Cape May

Count Three of Plaintiffs' complaint alleges that the City Official and Fire Department Official Defendants "acted with deliberate indifference[ ] concerning the hiring, training, instruction, administration, implementation, enforcement and supervision of certain personnel and certain policy...in regard to the arrest, incarceration, treatment and transportation of visibly intoxicated and dangerous pre-trial detainees and persons."  (Pls.' Compl., ¶ 55.)

Because the Fire Department is merely an arm of the municipality of Cape May, rather than a separate municipal entity, the Fire Department cannot be liable independent of the municipality.  See DeBillis v. Kulp, 166 F.2d 255, 264 (E.D. Pa. 2001).  Additionally, a § 1983 claim cannot be based solely on supervisory liability.  Some direct and personal action on the part of the state actor must be alleged.  Plaintiffs have presented no evidence as to any knowledge or action on the part of the individual city and fire department officials, and so summary judgment

is appropriate for the Official Defendants and the Fire Department.

There can be no claim for respondeat superior liability for a municipality. Monell v. New York City Dept. of Social Servs., 436 U.S. 658 (1978). A municipality can be held liable based on a theory of failure to train or of independent wrongdoing, but only when the municipality's policy or custom is the "moving force" behind a constitutional violation. Sanford v. Stiles, 456 F.3d 298 (3d Cir. 2006); see also Brown v. Pa. Dept. of Health Emergency, 318 F.3d 473, 482-83 (3d Cir. 2003).

Plaintiffs have provided no evidence that any failure to train municipal employees had a direct link to the alleged Constitutional violation. Similarly, Plaintiffs have provided no evidence that the implementation of any municipal custom or policy was the cause of any constitutional violation, and the City of Cape May is entitled to summary judgment.

    C.    Counts Four and Five: The State Law Claims

The Court has granted summary judgment on all federal claims in the complaint and declines to exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(3). This dismissal of Plaintiffs' state law claims is without prejudice to the resolution of Plaintiffs' case in the Superior Court of New Jersey.

**IV.    CONCLUSION**

Plaintiffs have provided no evidence to show that Defendants' actions violated Ms. Ryan's constitutional rights, and judgment for all Defendants is granted as a matter of law on Plaintiffs' federal law claims. The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. An accompanying order shall issue today.

Dated:  11/5/2007                                              /s/ Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge